# STATE OF MICHIGAN

# COURT OF APPEALS

UNPUBLISHED
May 3, 2016

*In re* SPIVEY, Minors.

No. 328862
Macomb Circuit Court
Family Division
LC No. 2012-000301-NA

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

Respondent appeals as of right the order terminating her parental rights to the minor children under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist); (c)(*ii*) (other conditions have not been rectified by parent); (g) (failure to provide proper care or custody), and (j) (reasonable likelihood of harm to child if returned to the home of the parent). We affirm.

Respondent first contends that the evidence was not sufficient to terminate her parental rights under MCL 712A.19b(3)(j). We disagree.

Termination of parental rights is appropriate where petitioner proves by clear and convincing evidence at least one ground for termination, and that termination is in the children's best interests. MCL 712A.19b(5); *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000). This Court reviews the lower court's findings under the clearly erroneous standard. MCR 3.977(K); *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses. *Id.*; *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

We find no clear error in the trial court's findings of clear and convincing evidence to support termination under MCL 712A.19b(3)(j), as well as subsections (c)(*i*), (c)(*ii*), and (g). Only one subsection need be proven by clear and convincing evidence to terminate parental rights. *In re Ellis*, 294 Mich App 30, 32; 817 NW2d 111 (2011); *In re Foster*, 285 Mich App 630, 633; 776 NW2d 415 (2009). In the present case, respondent failed to complete or even engage in most services, despite numerous referrals and second chances. Respondent did not turn in drug screens as required, attend individual therapy or anger management counseling, or visit the children regularly. One screen was positive, but respondent did not attend a substance

-1-

abuse assessment. Parents have a responsibility to participate in services offered, and must also benefit from services. *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). A parent's failure to comply with the parent agency agreement is evidence of failure to provide proper care and custody. *Trejo*, 462 Mich at 360-363.

Respondent failed to show at any time that she was ready to provide a safe, adequate home and parenting for her young children. Her unresolved personal and legal issues would continue to impact her ability to provide appropriate care. Criminal behavior not only removes the parent from the home, but also sets a poor example for the children. *In re Hudson*, 294 Mich App 261, 268; 817 NW2d 115 (2011). Respondent was jailed twice during the pendency of the case and arrested at the final hearing. The trial court considered the evidence thoroughly, and we do not find clear error in the court's conclusions that MCL 712A.19b(3)(c)(*i*), (c)(*ii*), (g), and (j) were proven by clear and convincing evidence. MCR 3.977(K).

Respondent next claims that the trial court erred reversibly in failing to find that guardianship with the maternal grandmother would have been in the children's best interests. Respondent's arguments lack merit. The trial court has the discretion to appoint a guardian when "it is in the children's best interests." MCL 712A.19a(7)(c); MCR 3.979(A); MCR 3.979(B). When a guardian is appointed, parental rights may still be terminated if the parent fails or neglects to provide support, or to visit, contact, or communicate with the children for two or more years. MCL 712A.19b(3)(f)(*i*) and (f)(*ii*). In the present case, guardianship with the maternal grandmother was not in the children's best interests, and there was a good likelihood that the conditions of subsection (f) would be satisfied eventually if the court placed the children in guardianship with their grandmother.

Previously, respondent left the older child with her mother and went into hiding from the people who killed the child's father. When she emerged, she failed to seriously engage in counseling, parenting classes, drug screens or treatment, or anger management. Throughout the case, she failed to visit the children regularly, causing the older child consternation and sadness when she did not appear. She also had a problem with marijuana; she turned in few screens and admitted smoking marijuana regularly until shortly before the termination hearing. Guardianship might be risky for the children because the mother and grandmother had also been deceitful regarding the birth of the new baby.

Respondent insisted that the worker and agency personnel knew of the new baby's birth, or at least knew of her pregnancy. This might well have been true, because it is difficult to hide an impending birth. But at the least, respondent and her mother did not make it easy. Case workers had to discover respondent on the front porch of her mother's house where she should not have been because she was not allowed unsupervised contact with her older child (and, presumably, any new baby). Workers had to interrogate the maternal grandmother (then the older child's caretaker) for several hours before she revealed that, indeed, respondent and the baby had been living in her home. And, respondent's mother admitted being away at a conference with the older child while respondent watched the new baby alone. When analyzing best-interest issues, (and thus, guardianship) the welfare of the children is paramount. See, e.g., *In re Moss*, 301 Mich App 76, 87-88; 836 NW2d 182 (2013). Given respondent's history with mental instability and failing to take proper care of her older child, petitioner's response was not

out of proportion to the situation. The trial court addressed these considerations in its opinion, and the court's findings and conclusions were supported by the evidence.

Finally, respondent argues that the court erred reversibly in finding termination of her parental rights to be in the children's best interests. We disagree.

Once a statutory ground for termination is established by clear and convincing evidence, the trial court must terminate parental rights if termination is in the children's best interests. MCL 712A.19b(5). The trial court's decision on best interests is reviewed for clear error. MCR 3.977(K); *Trejo*, 462 Mich 356-357; *Foster*, 285 Mich App at 633. The standard of proof for best interests is preponderance of the evidence. *Moss*, 301 Mich App at 83. When evaluating the best interests of the children, the court may look to the bond between parent and child and the child's need for permanency, stability, and finality. *In re Olive/Metts*, 297 Mich App 35, 42; 823 NW2d 144 (2012); *In re VanDalen*, 293 Mich App 120, 141; 809 NW2d 412 (2011). The court may also consider the parent's parenting ability, *In re Jones*, 286 Mich App 126, 129-131; 777 NW2d 728 (2009), and the advantages of a foster home, *Foster*, 285 Mich App at 634-635.

In the present case, the evidence supported the trial court's finding that termination would be in the children's best interests. Respondent had neglected her older child, and with two children, including a new baby, her burden would be much heavier. Over the course of two-plus years, she repeatedly disappointed her older child by not appearing at parenting times. She had been unable to complete any services except for two psychological evaluations, six drug screens, and a few intakes and possibly one or two counseling sessions. There is some evidence that she completed parenting classes, but she surely did not benefit sufficiently because the evidence clearly showed that she would still have been unable to provide a safe and appropriate home for the children. Guardianship with her mother might have been a possible choice, except for respondent's hostility with her mother, repeated failure to show enough interest in her children, and failure to cooperate with petitioner and the agencies. Respondent was also arrested and jailed, continued to use marijuana, and had problems following the caseworker's advice not to discuss the case in front of the children. The trial court reviewed these and other appropriate factors in its best-interest determination.

We find no reversible error in the trial court's findings or conclusions on best interests. Respondent failed to resolve her issues with emotional instability, and her mother called police more than once because of difficulties with respondent. The trial court considered the best interests of each child individually, including a possible guardianship with the maternal grandmother. The trial court considered parenting ability and visitation history but did not find a strong bond between respondent and the younger child. The trial court also noted the children's need for permanency and stability, and that the foster parents were willing to adopt. These are appropriate considerations in deciding the children's best interests. *Olive/Metts*, 297 Mich App at 40; *Van Dalen*, 293 Mich App at 141; *Jones*, 286 Mich App at 129; *Foster*, 285 Mich App at 634-635. A preponderance of the evidence supported the trial court's best-interest decision. *Moss*, 301 Mich App at 83.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly